IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LITTLEJOHN,<br><br>        Plaintiff,<br><br>  v.<br><br>CITY & COUNTY OF SAN FRANCISCO, et al.,<br><br>        Defendants.                 / | No. C 09-05021 SI<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING** |

      Defendant City and County of San Francisco's motion to dismiss plaintiff's complaint came on regularly for hearing on August 6, 2010. Plaintiff Larry Littlejohn appeared, pro se. Defendant CCSF made no appearance.

      Plaintiff Littlejohn's complaint stems from a search of plaintiff's residence at 775 Clementina Street, San Francisco by San Francisco police officers. According to the complaint, which was drafted by counsel who subsequently withdrew from the case, the officers informed Mr. Littlejohn that they were there to conduct a parole search of parolee Steven Halstead's residence at 775 Clementina Street. Defendant moved to dismiss, arguing that Mr. Littlejohn cannot state a claim because his complaint admits that Mr. Halstead lived at 775 Clementina Street, and since Mr. Halstead is a parolee, the police officers had the right to conduct a warantless search. Mr. Littlejohn did not file an opposition to the motion to dismiss, but he appeared to argue at the August 6, 2010 hearing.

      During the hearing, Mr. Littlejohn explained that there was an error in the complaint drafted by his former attorney. Specifically, the complaint should have stated that Mr. Littlejohn told police officers that Mr. Halstead did *not* live at 775 Clementina Street, but the police continued the search

nonetheless.[1] Mr. Littlejohn acknowledged that Mr. Halstead's drivers license reflected the 775 Clementina Street address for Mr. Halstead, but argued that Mr. Halstead no longer lived there; that Mr. Halstead's probation officer knew that he no longer lived there; and that the officers should have contacted the probation officer before searching Mr. Littlejohn's home at 1:30 a.m..

In response to a question from the Court regarding the officers' qualified immunity, Mr. Littlejohn responded that the San Francisco Police Department and its officers have a policy of not checking with parole agents to determine a parolee's current "parole address," and that policy leads to unreasonable searches of homes where parolees do not or no longer live. Mr. Littlejohn also complained that the hour of the search, approximately 1:30 a.m., was unreasonable under *People v. Reyes*, 19 Cal. 4th 743, 754 (1998).

Before ruling on the pending motion to dismiss, the Court needs further briefing from defendant CCSF. **In particular, in light of the factual clarifications made by Mr. Littlejohn, the Court ORDERS defendant CCSF to file a supplemental brief addressing the question of qualified immunity. Such supplemental briefing shall be filed no later than August 27, 2010.**

**IT IS SO ORDERED.**

Dated: August 10, 2010

SUSAN ILLSTON
United States District Judge

---

[1] Paragraph 25 of the complaint currently states that, "Mr. Littlejohn told the officers that Mr. Halstead did live there and asked the officers to leave." Mr. Littlejohn asserts that it should have read "Mr. Littlejohn told the officers that Mr. Halstead did not live there and asked the officers to leave." Mr. Littlejohn's approach is syntactically consistent and, indeed, the complaint makes little sense unless Mr. Littlejohn's correction is added, as defendants must surely have known when they filed their motion to dismiss.