IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LITTLEJOHN, | No. C 09-05021 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, WITH LEAVE TO AMEND** |
| v. | |
| SF CITY & COUNTY, | |
| Defendant. | |

Currently before the Court is defendant City and County of San Francisco's motion to dismiss plaintiff's complaint. The motion came on for hearing on August 6, 2010. Plaintiff Larry Littlejohn appeared, *pro se*. Defendant CCSF made no appearance.

Plaintiff Littlejohn's complaint stems from a search of plaintiff's residence at 775 Clementina Street, San Francisco by San Francisco police officers. According to the complaint, which was drafted by counsel who subsequently withdrew from the case, the officers informed Mr. Littlejohn that they were there to conduct a parole search of parolee Steven Halstead's residence at 775 Clementina Street. Defendant moved to dismiss, arguing that Mr. Littlejohn cannot state a claim because his complaint admits that Mr. Halstead lived at 775 Clementina Street, and since Mr. Halstead is a parolee, the police officers had the right to conduct a warantless search. CCSF also argued that plaintiff is not entitled to equitable relief under *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) and that the officers involved are entitled to qualified immunity. Mr. Littlejohn did not file an opposition to the motion to dismiss, but he appeared to argue at the August 6, 2010 hearing.

During the hearing, Mr. Littlejohn explained that there was an error in the complaint drafted by his former attorney. Specifically, the complaint should have stated that Mr. Littlejohn told police

officers that Mr. Halstead did *not* live at 775 Clementina Street, but the police continued the search nonetheless. Mr. Littlejohn acknowledged that Mr. Halstead's drivers license reflected the 775 Clementina Street address for Mr. Halstead, but argued that Mr. Halstead no longer lived there; that Mr. Halstead's probation officer knew that he no longer lived there; and that the officers should have contacted the probation officer before searching Mr. Littlejohn's home at 1:30 a.m..

In response to a question from the Court regarding the officers' qualified immunity, Mr. Littlejohn responded that the San Francisco Police Department and its officers have a policy of not checking with parole agents to determine a parolee's current "parole address," and that policy leads to unreasonable searches of homes where parolees do not or no longer live. Mr. Littlejohn also complained that the hour of the search, approximately 1:30 a.m., was unreasonable under *People v. Reyes*, 19 Cal. 4th 743, 754 (1998).

In light of the clarifications made by the *pro se* plaintiff during the hearing, the Court ordered CCSF to submit supplemental briefing to respond to the facts alleged, and in particular address the question of qualified immunity.

On August 27, 2010, CCSF filed its supplemental brief. CCSF now argues that qualified immunity is not an issue in this case as (1) the individual defendants have not been served, and (2) Mr. Littlejohn seeks only injunctive and declaratory relief in his complaint. *See* Response at 1-2.[1] Instead, CCSF reasserts its argument that the complaint should be dismissed under the *Lyon's* doctrine as plaintiff cannot show that he will be subject to any real or immediate threat of future harm that would entitle him to injunctive or declaratory relief.

CCSF points out that Mr. Littlejohn complains of only one instance of alleged unconstitutional conduct: the search of his home on November 22, 2008. There are no allegations that Mr. Littlejohn was subjected to other unjustified searches of his home, either prior to or since November 22, 2008. The Supreme Court, in *City of Los Angeles v. Lyons* found that plaintiff had failed to credibly allege that "he faced a realistic threat from the future application" of the police practice plaintiff challenged when five months elapsed between the occurrence and the filing of the complaint and yet there were no further

---

[1] The City did, however, spend over half of its initial brief arguing that qualified immunity applied. *See* Docket No. 9 at 4-6.

2

allegations of contact between the plaintiff and the police. *Id*., 461 U.S. at 106, 108. CCSF also asserts that this case is similar to *Hodgers-Durgin v. De La Vina*, 199 F.3d 1037 (9th Cir. 1999), where the Ninth Circuit held that a single allegation of unwarranted police conduct could not demonstrate a threat of repeated harm. *Id*. at 1044.

In order to state a viable claim for injunctive relief, plaintiff is not only required to allege facts that would show he has suffered or will likely suffer future parole searches of his home, but those facts must also establish that the parole searches were or would be unjustified. For example, the searches were conducted at unreasonable hours, were conducted in the face of information that confirmed a parolee did not live at the address searched, were all conducted without reference to the "parole address" on file with the parole agent, etc. In the absence of such allegations, plaintiff does not have standing to seek injunctive relief with respect to CCSF's alleged policy of conducting unwarranted parole searches. Finally, as the Ninth Circuit in *Hodgers-Durgin* pointed out, plaintiff's failure to allege facts to establish a likelihood of future injury sufficient to seek injunctive relief also renders his claim for declaratory relief unripe. *Id.* at 1044 (noting that a "claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (citations omitted)).

As such, the Court GRANTS defendant's motion to dismiss with leave to amend. Plaintiff is GRANTED leave to amend his complaint to allege facts showing that he has or can credibly be expected to suffer future unwarranted parole searches of his home. If plaintiff can amend to cure these deficiencies, plaintiff should also correct the error he asserts is included in paragraph 25 of the current complaint, so that it clearly indicates that Mr. Littlejohn told officers that Mr. Halstead did not live at 775 Clementina. Any such amended complaint must be filed by **Friday September 24, 2010.**

**IT IS SO ORDERED.**

Dated: September 7, 2010

SUSAN ILLSTON
United States District Judge