**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LITTLEJOHN, | No. C 09-05021 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT** |
| v. | |
| SF CITY & COUNTY, | |
| Defendant. | |

Currently before the Court is defendant City and County of San Francisco's motion to dismiss plaintiff's amended complaint. The motion came on for hearing on December 14, 2010. Plaintiff Larry Littlejohn appeared, *pro se*. Defendant CCSF was represented by Sean F. Connolly.[1]

Plaintiff Littlejohn's complaint stems from a search of plaintiff's residence at 775 Clementina Street, San Francisco by San Francisco police officers.[2] Complaint, Docket No. 1. According to plaintiff, on November 22, 2008 at around 1:30 a.m., officers from the police department arrived at Mr. Littlejohn's residence and informed him that they were there to conduct a parole search of parolee Steven Halstead's residence. Complaint ¶ 23. Steven Halstead had been taken into custody a few hours earlier. Mr. Littlejohn allegedly told the officers that Mr. Halstead did not live at 775 Clementina, but the officers continued to search Mr. Littlejohn's residence. Amended Complaint, Docket No. 32, at 1.

---

[1] Plaintiff's opposition brief, received on December 13, 2010, has been reviewed and considered in deciding this motion

[2] Plaintiff's allegations are taken from his complaint and amended complaint, as well as from the documents attached to the complaint and first amended complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (written instruments attached to pleadings may be considered part of the pleading).

Mr. Littlejohn also alleges that at the time of the search, Mr. Halstead's official "parole address" was 1412 Hudson Street, not 775 Clementina. Mr. Littlejohn admits that at the time of his arrest, Mr. Halstead's California driver's license showed 775 Clementina as his address. Amended Complaint, Docket No. 32-2 pg. 7. Mr. Littlejohn seeks injunctive and declaratory relief enjoining CCSF from conducting unwarranted parole searches.

On September 7, 2010, in response to CCSF's first motion to dismiss, the Court dismissed plaintiff's original complaint with leave to amend. Docket No. 31. The Court allowed Mr. Littlejohn to amend his complaint to, "allege facts that would show he has suffered or will likely suffer future parole searches of his home, but those facts must also establish that the parole searches were or would be unjustified." *Id.* at 3. On September 23, 2010, plaintiff filed an amended complaint, which alleged that his residence had been subject to another, unwarranted parole search in 2006. Docket No. 32. Mr. Littlejohn also emphasized the Mr. Halstead did not inform his arresting officers that he lived at 775 Clementina Street.

Defendant now moves to dismiss plaintiff's amended complaint, arguing that plaintiff's amended allegations fail to establish that he has standing to maintain a claim for injunctive and declaratory relief under *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) (requiring a plaintiff who seeks equitable relief under section 1983 to demonstrate realistic likelihood of being subject to unconstitutional practice in future).[3] The Court agrees that Mr. Littlejohn has not shown that he faces a real or immediate threat that he will be subjected to unwarranted parole searches sufficient to confer standing on him to seek injunctive and declaratory relief.

In particular, Mr. Littlejohn now asserts that his residence was subjected to two unwarranted parole searches. The first was in 2006, where police searched Mr. Littlejohn's residence at 1:30 a.m. upon the arrest of parolee James Carl Setera. Amended Complaint, Docket No. 32-1 pg. 3-4. Mr. Setera was a former resident of Mr. Littlejohn's house who was arrested when driving a car that was registered

---

[3] CCSF also argues that because Mr. Littlejohn's amended complaint consists of only a few new assertions and fails to repeat the facts and legal claims from the original complaint, it should be dismissed for failure to state a cause of action under FRCP 8, Civil LR 10-1, and the rule that an amended complaint supercedes an original complaint. However, as Mr. Littlejohn is proceeding *pro se*, in order to review the sufficiency of his claims, the Court will review the assertions made in both the original and amended complaints.

2

to Mr. Setera's girlfriend at 775 Clementina Street. *Id*. Mr. Setera's girlfriend still lived with Mr. Littlejohn and police officers were informed by the owner of the residence where Mr. Setera had his official "parole address," that Setera still lived at 775 Clementina. *Id*., 32-1 pg. 4. Mr. Littlejohn also admits that Mr. Setera had some property stored at 775 Clementina at the time of the parole search, *id*., 32-1 pg. 6, and that Mr. Setera's California ID listed his address as 775 Clementina Street. *Id*., 32-1 pg.4.

The second parole search Mr. Littlejohn complains of is the November 22, 2008 search. Mr. Littlejohn admits that Mr. Halstead's driver's license listed his address as 775 Clementina Street, Docket No. 32-2 pg. 3, even though his official parole address was allegedly different.

The Court finds that plaintiff has failed to adequately allege that he faces a real and immediate threat that he will be subject to an *unwarranted* parole search of his residence in the future. As an initial matter, the fact that plaintiff complains of two incidents over the past four years does not suffice to show that Mr. Littlejohn will face another incident in the future. Plaintiff's allegation in his opposition that he "maintains a close relationship with Halstead and Setera" and that he has "in the past and will probably continue in the future to have temporary living arrangements with parolees" is insufficient to demonstrate a likelihood of future harm. Oppo. at 3. That he "probably" will continue to have temporary living arrangements with parolees, does not mean he will or that once those "probable" temporary living arrangements are over, police will mistakenly believe that the parolees still live with Mr. Littlejohn and attempt to search his residence. *See, e.g.*, *Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1044 (9th Cir. 1999) (noting that a "claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (citations omitted)).

Plaintiff has also failed to allege facts establishing that the future parole searches would be unjustified. For example, plaintiff admits that in connection with both searches, the officers received information indicating that the parolees still lived at Mr. Littlejohn's address. Plaintiff provides no support for his position that officers "must use the parole address when making a 'parole search,'" Oppo. at 5, when police officers have probable cause to believe that a parolee may live at a different address. *Cf. Motley v. Parks*, 432 F.3d 1072, 1082 (9th Cir. 2005) (officers must have probable cause to believe a parolee lives in a particular residence prior to searching it). Further, while plaintiff claims

3

that the police officers subjected him to unreasonable searches because both of the searches occurred in the very early morning hours, and the California Supreme Court has noted that parole searches at unreasonable hours could establish arbitrary or oppressive conduct by the searching officers, *see, e.g., People v. Reyes*, 19 Cal. 4th 743, 753 (1998), there are no facts to support an allegation of arbitrary or oppressive conduct in this case. Here, police searched Mr. Littlejohn's residence within hours of the arrests of the parolees. The officers could reasonably believe that it was necessary to conduct immediate parole searches in order to secure additional evidence of parole violations or to prevent destruction of evidence.

For the foregoing reasons, the Court GRANTS CCSF's motion to dismiss the amended complaint. Mr. Littlejohn has already been given the opportunity to amend his complaint to cure the deficiencies noted by the Court and has failed to do so. Therefore, the amended complaint is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: December 14, 2010

SUSAN ILLSTON
United States District Judge